**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ELIJAH E. CORBETT,**

    **Plaintiff,**

v.                                         **Case No. 8:05-cv-1041-T-TBM**

**JO ANNE B. BARNHART,**
**Commissioner of the United States**
**Social Security Administration**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Petition for Attorney Fees** (Doc. 17). Defendant does not object to his petition. Upon review of the pleadings, it is ordered that Plaintiff is awarded $3,528.00 in attorney's fees. This amount is to be paid pursuant to the Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412(d).

I.

Plaintiff filed an application for Social Security disability benefits, which was denied initially and upon reconsideration. The ALJ conducted a hearing and denied Plaintiff benefits, and the Appeals Council affirmed the ALJ's decision. Subsequently, the Plaintiff filed this action seeking judicial review. On December 16, 2005, the Commissioner filed an unopposed Motion for Entry of Judgment with Remand (Doc. 14). On December 20, 2005,

the court granted the motion and remanded the case for further proceedings (Doc. 15).  On December 21, 2005, the Clerk entered Judgment in favor of the Plaintiff (Doc. 16).

II.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  Three conditions must be established before an award under the EAJA is appropriate: (1) the claimant must file a timely application for fees; (2) the claimant must qualify as the prevailing party; and (3) the government's positions must not be "substantially justified," and no other special circumstances exist to make an award unjust.  Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

The first requirement, that the fee application be filed within thirty days of the final judgment, is jurisdictional in nature.  See 23 U.S.C. § 2412(d)(1)(B); Myers, 916 F.2d at 666 (citing Haitian Refugee Ctr. v. Meese, 791 F.2d 1489, 1494 (11th Cir.), vacated in part on other grounds on reh'g, 804 F.2d 1573 (11th Cir. 1986)).  A "final judgment" is one that is no longer appealable.  See 28 U.S.C. § 2412(d)(2)(G); Melkonyan v. Sullivan, 501 U.S. 89 (1991).  Since a judgment is no longer appealable sixty days after entry of judgment in Social Security actions, a plaintiff has ninety days from the date of entry of judgment in which to file for EAJA fees.  See Fed. R. App. P. 4(a); Myers, 916 F.2d at 672.  Here, Plaintiff filed the

instant motion for attorney's fees prematurely.  However, judgment is now final, and Plaintiff's motion for fees is ripe for consideration.

In a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A).  Shalala v. Schaefer, 509 U.S. 292 (1993).  Because this court remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff, under Schaefer, is the prevailing party.  Furthermore, upon consideration, the government's position was not substantially justified in this case, and counsel for the Commissioner does not suggest otherwise.  Therefore, an award of fees under EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate.  Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate.").  Plaintiff seeks a fee of $3,838.32 based on 24.00 hours worked at an enhanced rate of $159.93 per hour.  Plaintiff argues that this hourly rate reflects cost of living increases from the 1996 EAJA amendments to the time the work was performed on the instant motion, as reflected by the Consumer Price Index for the pertinent period.

Upon consideration, the court finds that increases in the cost of living justify enhancement of the $125.00 hourly rate established by the EAJA.  Previously, this court found $138.00 to be the prevailing market rate during the relevant time frame.  See George v. Massanari, Case No. 8:00-cv-369-T-TBM (M.D. Fla. June 22, 2001).  More recently, this court found $147.00 to be the prevailing market rate in Social Security cases for work

3

performed from June 2003 forward.  See Phillips v. Barnhart, Case No. 8:03-cv-949-T-TBM (M.D. Fla. December 17, 2004).  Here, Plaintiff's counsel performed a total of 24.00 hours of work in 2004 and 2005.  See (Doc. 17, Exh. A).  In light of this court's previous rulings regarding enhanced fees in Social Security cases, Plaintiff's counsel is entitled to an hourly rate of $147.00 for work performed in this case.  The total hours expended by Plaintiff's counsel are reasonable.

Accordingly, it is **ORDERED** that **Plaintiff's Petition for Attorney Fees** (Doc. 17). is **GRANTED** to the extent set forth herein.  Plaintiff's counsel is awarded attorney's fees in the amount of $3,528.00.

**Done and Ordered** at Tampa, Florida, this 24th day of February 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record